Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JUAN A. VELÁZQUEZ NADAL **Recurrida** V. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN **Recurrente** | KLRA202400677 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección Caso Núm: ICG-614-2024 SOBRE: Suspensión de Privilegios |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 14 de enero de 2025.

I.

El 6 de diciembre de 2024, el Sr. Juan A. Velázquez Nadal (señor Velázquez o recurrente), quien está bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), compareció ante nos, por derecho propio, *in forma pauperis*, mediante una *Revisión Administrativa*. En esta, impugnó la aplicación de la Regla 9 relacionada a la suspensión de privilegios de los confinados como resultado de un registro que se realizó por unos Oficiales Correccionales el 13 de noviembre de 2024. Particularmente formuló los siguientes señalamientos de error:

**Primer Error: El registro del 13 de noviembre de 2024 y la forma operandu del comandante de la Institución Guerrero, Aguadilla, violando los Reglamento vigente del Departamento de Corrección y Rehabilitación.**

**Segundo Error: La información y definición presentada al superintendente de la Institución para la solicitud de la Regla 9 y la extensión.**

**Tercer Error: La aplicación del la Regla 9 y la extensión por motivo de seguridad.**

**Cuarto Error: La administración erra a la suspensión de privilegio.**

Sin embargo, cabe precisar que, el recurrente no recurre de ningún dictamen final emitido por el DCR que sea revisable ante este foro apelativo.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.7.

## II.

## -A-

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.,* 207 DPR 586, 600 (2021). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales "debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado. *Cordero et al v. ARPe et al,* 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *González v. Mayagüez Resort & Casino,* supra, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso,*

194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio,* un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. La referida regla, en lo pertinente, dispone que:

[…]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

**(1) que el Tribunal de Apelaciones carece de jurisdicción.** (Énfasis suplido).

[…]

(C) El Tribunal de Apelaciones a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

**-B-**

Por su parte, la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601 *et seq.*, delimita el alcance de la revisión judicial de las decisiones administrativas y en su Sección 4.2 dispone que la revisión administrativa ante el Tribunal de Apelaciones se hará respecto a las **órdenes o resoluciones finales**, luego de que el recurrente haya agotado todos

los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente.

Consonó con lo anterior, nuestro más alto foro ha expresado que una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia, les pone fin, sin dejar pendiente una para ser decidida en el futuro. *Comisionado Seguros v. Universal,* 167 DPR 21, 29 (2006). Por su parte, La LPAUG no define expresamente el término "orden o resolución final". Sin embargo, la Sec. 3.14 de la referida ley, 3 LPRA sec.9654, dispone que una orden o resolución final debe incluir determinaciones de hecho y las conclusiones de derecho que fundamentan la adjudicación y la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso.

III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que el señor Velázquez no recurre de un dictamen final emitido por el DCR. Recordemos que la revisión administrativa ante el Tribunal de Apelaciones se hará respecto a las **órdenes o resoluciones finales**, luego de que el recurrente haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente. Sección 4.2 de la LPAUG, *supra.*

En el caso de autos, los únicos documentos que tenemos ante nuestra consideración son unas cartas redactadas por el superintendente de la Institución Correccional ambas con fecha del 22 de noviembre de 2024 que se remitieron a toda la población correccional del modulo al cual corresponde el señor Velázquez, a

saber, Galera II. En estos documentos el DCR informa los artículos que fueron ocupados, todo lo que queda suspendido por medida de seguridad y el periodo por el cual serían suspendido los privilegios.[1] Ninguno de estos documentos constituye una resolución final revisable ante este foro. Como es sabido, una orden o resolución final debe incluir determinaciones de hechos y las conclusiones de derecho que fundamentan la adjudicación y la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso. Sección 3.14 de la LPAUG, *supra*. Le correspondía al señor Velázquez solicitar un remedio administrativo ante el DCR para impugnar dicha suspensión de privilegios que se realizó al amparo de la Regla 9 previo a acudir ante nos. Ello, para darle la oportunidad al DCR a atender el asunto y emitir un dictamen final al respecto.

En vista de lo anterior, este foro intermedio está insubsanablemente privado de jurisdicción y autoridad para atender el asunto, caso o controversia ya que el recurso es prematuro. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 98. Los recursos prematuros carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd.

IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] El primer documento es intitulado *Asunto: Aplicación de Regla 9 Suspensión de Privilegios a los Confinados de Galera II* mediante el cual, entre otras cosas, se indica que el periodo de suspensión sería desde el 13 de noviembre de 2024 hasta el 22 de noviembre de 2024. En el otro documento intitulado *Asunto: Aplicación de Extensión Regla 9 Suspensión de Privilegios a los Confinados de Galera II*, se aplica una extensión al periodo antes expuesto desde el 23 de noviembre de 2024 hasta el **1 de enero de 2025**.